UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–06013–MWF-AJWx          Date:  January 25, 2016
Title:    Greg Young Publishing, Inc.  -v-  CafePress, Inc.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                            None Present

**Proceedings (In Chambers):**  ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT [20]

Before the Court is Defendant CafePress, Inc.'s Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (the "Motion"), filed on December 3, 2015. (Docket No. 20). Plaintiff Greg Young Publishing, Inc. submitted an Opposition to the Motion on January 4, 2016, and Defendant's Reply followed a week later. (Docket Nos. 21, 23). The Court reviewed and considered the papers on the Motion, and held a hearing on **January 25, 2016**.

The Motion is **DENIED**. Viewing the Complaint in light most favorable to Plaintiff, the allegations create a plausible inference that Defendant intentionally removed copyright management information ("CMI") from Plaintiff's copyrighted works in violation of 17 U.S.C. § 1202(b). While it is possible that CMI had been removed before Defendant came into contact with Plaintiff's images, the Court must afford Plaintiff a contrary inference at this stage of the proceedings.

## I.    BACKGROUND

The Second Amended Complaint ("SAC") makes the following allegations, which the Court must accept as true for purposes of ruling on this Motion:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15–06013–MWF-AJWx**                              **Date:  January 25, 2016**
**Title:**     Greg Young Publishing, Inc.  -v-  CafePress, Inc.

    Plaintiff is an art publisher that partners with numerous successful artists to market and sell their works.  (SAC ¶¶ 5-6).  One such artist is Kerne Erickson, who has created "vintage-inspired travel and beach themed paintings" that have become internationally venerated.  (*Id*. ¶¶ 6-7).  After acquiring Erickson's copyrights, Plaintiff began licensing the artwork to such online retailers as Art.com as well as to manufacturers of various everyday products.  (*Id*. ¶ 8).  Erickson's work has been used on TV and movie sets, famous hotels, and on tropical cruise ships.  (*Id*. ¶ 9).

    Plaintiff has always required a visible attribution naming Erickson as the artist and Plaintiff as the copyright owner to appear on the artwork sold online.  (*Id*. ¶¶ 10, 11).  That information—termed CMI—is generally displayed at the bottom of the design image, presumably to afford some protection against copyright infringement without distracting from the art.  (*Id*. ¶ 10, Exs. A-R).  Plaintiff has enacted similar protections on its own website, placing watermarks and copyright notices on all displayed artwork.  (*Id*. ¶ 11).  Despite these precautions, however, Plaintiff is constantly required to defend its rights in Erickson's popular works from willful infringers.  (*Id*. ¶ 10).

    One such alleged infringer is Defendant—an e-commerce vendor that allows online buyers to upload design images they wish to be printed on such items as note cards, magnets, or cocktail platters.  (*Id*. ¶ 12).  Defendant supplies those "blank" items, prints the uploaded images onto them, and ships the final products to consumers.  (*Id*. ¶ 12).  Users of Defendant's website can also set up virtual "shops" to sell their original designs.  (*Id*. ¶¶ 16-18).  If a consumer were to choose a design uploaded by another user to be printed on a particular item, Defendant would pay that user a set royalty.  (*Id*. ¶ 19).

    The SAC alleges that Defendant printed images of Erickson's eighteen copyrighted paintings on various merchandise without any prior authorization.  (*Id*. ¶ 40).  In the process, Defendant resized and cropped the artwork to fit its products, removing CMI from the uploaded images.  (*Id*. ¶ 41).  Plaintiff claims that such actions constitute (1) copyright infringement in violation of 17 U.S.C. § 501 *et seq*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–06013–MWF-AJWx          Date: January 25, 2016
Title:     Greg Young Publishing, Inc.  -v-  CafePress, Inc.

and (2) alteration of CMI in violation of 17 U.S.C. § 1202(b).  Only the second claim is at issue on this Motion.

## II.     LEGAL STANDARD

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  Using its judicial experience and common-sense, the Court must determine whether a complaint plausibly states a claim for relief.  *Id.* at 679.

## III.     REQUESTS FOR JUDICIAL NOTICE

When ruling on a motion to dismiss under Rule 12(b)(6), the Court generally may not consider any evidence outside the pleadings.  One exception to this rule is the so-called "incorporation by reference" doctrine.  As the Ninth Circuit explained, "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff *refers extensively* to the document or the document *forms the basis* of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added).  "Mere mention" of the document in the pleadings, however, is insufficient to trigger the exception.  *Id.* (refusing to incorporate a document that was neither "reference[d] extensively" in the pleadings nor "integral" to the asserted claims).

Defendant requests the Court to incorporate by reference numerous pages from its own website as well as websites "on which Plaintiff has authorized the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 15–06013–MWF-AJWx                              **Date:**  January 25, 2016
Title:      Greg Young Publishing, Inc.  -v-  CafePress, Inc.

sale of Kerne Erickson artwork." (Defendant's Request for Judicial Notice ("DRJN") at 2-3 (Docket No. 20)). But those pages are neither "referenced extensively" in the SAC, nor "integral" to Plaintiff's claims. In fact, most materials Defendant seeks to incorporate are not mentioned at all in the pleadings, and those that are referenced patently do not form the basis of Plaintiff's claims.

More specifically, the Complaint describes the operation of Defendant's business in general terms and quotes a few sentences from Defendant's website about the "state-of-the-art printing presses" used in the production process. (Complaint ¶¶ 12, 14, 16-18). Seizing on these background allegations, Defendant seeks to incorporate its:

- Terms of Service located on http://www.cafepress.com/cp/popup/index.aspx?page=index;

- "About Us" webpage located on http://www.cafepress.com/cp/info/about;

- Content Owner Agreement located on http://www.cafepress.com/cp/popup/index.aspx?page=terms_policies;

- Intellectual Property Rights Policy located on http://www.cafepress.com/cp/info/help/index.aspx?page=iprights.aspx; and

- Content Usage Policy located on http://www.cafepress.com/cp/info/help/index.aspx?page=cup.aspx.

(DRJN at 2-3). The Complaint does not reference any of those materials. True enough, the pleadings describe the operation of Defendant's website, but operation is not synonymous with content. And although Plaintiff does quote portions of the "FAQs" section of the website (*id.* ¶ 14), such allegations are not a blanket permission to incorporate unrelated information found elsewhere on Defendant's

---

**CIVIL MINUTES—GENERAL**                                                   4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 15–06013–MWF-AJWx | Date:  January 25, 2016 |
| Title:      Greg Young Publishing, Inc.  -v-  CafePress, Inc. | |

domain.  Indeed, Defendant's policies and terms of service play no role whatsoever in the Complaint, much less form the basis of the asserted claims.

The dangers of incorporating extrinsic evidence in these circumstances are best illustrated by Defendant's request to consider images of Erickson's artwork found on authorized third-party websites.  (DRJN at 3, Exs. 6-9).  The asserted basis for incorporation is a single background allegation that "Erickson's works have been a top seller on Art.com."  (Complaint ¶ 8).  The screenshots, according to Defendant, show that Erickson's art sold through authorized retailers does not contain CMI.  (Motion at 1).  From this observation Defendant deduces that "the alleged CMI [on images uploaded to Defendant's website] was removed by [Plaintiff] and/or its own licensed distributors, including Art.com . . . ."  (*Id.* at 8).

In response, Plaintiff submits its own Request for Judicial Notice with additional screenshots from licensed third-party distributors.  (Plaintiff's Request for Judicial Notice, Exs. 1-4 (Docket No. 21-1)).  The images show that Erickson's artwork displayed on Art.com does indeed contain CMI, which was not visible on Defendant's screenshots simply because those images depict only framed art prints with the frames covering Erickson's signature and the copyright notice.  (*Id.*).  Defendant's inference, Plaintiff concludes, is therefore unwarranted.  (Opposition at 5).

These arguments are so divorced from the allegations of the Complaint that the Motion could be mistaken for one brought under Rule 56.  It is patently premature to apply the summary judgment standard, however, because important discovery remains to be conducted.  *See Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09CV0280-LAB (AJB), 2009 WL 3425326, at *2 (S.D. Cal. Oct. 21, 2009) ("[T]here must be a meaningful opportunity for discovery before the Court will convert a motion to dismiss into a motion for summary judgment.").  Plaintiff makes that much clear, stating that it requires the "copies of the original digital images uploaded to Defendant's website"—which Defendant is yet to produce—"to determine what CMI existed on the infringed images." (Opposition at 4, n.1).  The Court must therefore analyze the Motion under the more deferential

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 15–06013–MWF-AJWx                    **Date:**  January 25, 2016
Title:      Greg Young Publishing, Inc.  -v-  CafePress, Inc.

standard of Rule 12(b)(6) and exclude all extrinsic evidence that is not integral to Plaintiff's claims.

Accordingly, the parties' Requests for Judicial Notice are **DENIED**.

## IV. <u>DISCUSSION</u>

To plead a successful claim under 17 U.S.C § 1202(b), Plaintiff must allege that Defendant (1) without authority of the copyright owner; (2) intentionally removed CMI or distributed works or copies of works while knowing that CMI had been improperly removed; and (3) knew that its actions would "induce, enable, facilitate, or conceal" an infringement.  17 U.S.C § 1202(b)(1), (3).

The Complaint contains the following allegations to support Plaintiff's claim under § 1202(b):

- Plaintiff includes CMI on Erickson's artwork displayed on its website and requires its licensees to do the same.  (Complaint ¶¶ 10-11).

- Defendant, without authorization, "willfully copied, printed, and displayed [eighteen works of art created by Erickson and owned by Plaintiff] on various products and merchandise that [Defendant] manufactures, displays, and sells on its website."  (*Id.* ¶ 40).

- Once users upload images they wish to be printed on Defendant's merchandise, Defendant controls all aspects of manufacturing, printing, price setting, and shipping.  (*Id.* ¶¶ 12-13).

- Without authorization, Defendant resized and cut off portions of Erickson's artwork to fit its products.  (*Id.* ¶ 41).

- Defendant "intentionally removed" CMI from Erickson's artwork.  (*Id.* ¶ 52).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–06013–MWF-AJWx                    Date:  January 25, 2016
Title:      Greg Young Publishing, Inc.  -v-  CafePress, Inc.

- Defendant "willfully distributed products and merchandise displaying images of 'The Artwork' knowing that [CMI] had been removed without [Plaintiff's] authorization."  (*Id.* ¶ 54).

At the hearing, Defendant argued that these allegations merely parrot the language of 17 U.S.C § 1202(b) and thus cannot form the basis of Plaintiff's claim. Defendant emphasized the possibility that the users themselves, or perhaps some other third party, cropped CMI out of the images since the allegations do not specifically state that CMI was removed when the images were modified before printing.  Defendant therefore urged the Court to find that the Complaint does not support an inference of intent or knowledge on Defendant's part.

The Court cannot agree.  It is impossible to ascertain at this stage of the litigation who removed CMI from the uploaded artwork, let alone when and how the removal was accomplished.  But Rule 8 does not require certainty; it requires plausibility.  And as the Court indicated at the hearing, it is at least plausible that (1) CMI was on the images at the time they were submitted to Defendant; (2) Defendant was aware of that fact; and (3) Defendant removed CMI in the process of cropping the images before printing.  It is true, as Defendant points out, that the allegations do not explicitly state that CMI was removed during the resizing process.  But that implication is clear from the context of the allegations, and the Court, affording Plaintiff all reasonable inferences, accepts it as true.  And although Defendant claims that the resizing is "automatically done" without Defendant's knowledge of what is on the images this extrinsic fact may not be considered at this juncture.  Accordingly, the Complaint creates a plausible inference that Defendant intentionally removed CMI from Plaintiff's copyrighted images while knowing, from the very presence of CMI, that such removal would "facilitate" or "conceal" an infringement.

Another court in this District reached the same conclusion on similar facts. *Imageline, Inc. v. CafePress.com, Inc*., No. CV 10-9794 PSG MANX, 2011 WL 1322525, at *1 (C.D. Cal. Apr. 6, 2011).  The action involved the same Defendant

---

**CIVIL MINUTES—GENERAL**                    7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 15–06013–MWF-AJWx            **Date:** January 25, 2016
**Title:**     Greg Young Publishing, Inc. -v- CafePress, Inc.

and allegations that Defendant infringed the plaintiff's copyrights "by offering products for sale on [its] website containing [the plaintiff's] protected images." *Id.* The district court denied Defendant's motion to dismiss a claim under § 1202(b), reasoning as follows:

> Imageline's Complaint states that "[f]or each Image, Plaintiff embeds information within such Image's digital file identifying the owner, title and other information described under 17 U.S.C. § 1202(c)." Compl. ¶ 64. In addition, Imageline's exhibit attached to the Complaint identifies each allegedly infringed image by its title and copyright registration. Imageline goes on to allege that "Defendants intentionally removed Plaintiff's [CMI]," Compl. ¶ 65, "Defendants distributed copies of the Images, or derivatives thereof, knowing that Plaintiff's [CMI] had been removed," Compl. ¶ 66, "Defendants intentionally altered Plaintiff's [CMI]," Compl. ¶ 67, "Defendants distributed copies of the Images, or derivatives thereof, knowing that Plaintiff's [CMI] had been altered," Compl. ¶ 68, "Plaintiff did not authorize Defendants to remove any of Plaintiff's [CMI] from any image," Compl. ¶ 69, and "Plaintiff did not authorize any Defendants to alter any of Plaintiff's [CMI] from any image," Compl. ¶ 70. Accordingly, Imageline has stated a claim for removal or alteration of copyright management information in violation of 17 U.S.C. § 1202(b) . . . .

*Id.* at *6.

      Although Defendant claims that *Imageline* did not involve users uploading allegedly infringing images onto Defendant's website, Defendant is mistaken. Defendant's own motion to dismiss in *Imageline* stated that "the products sold by users through [Defendant's] website are designed by users and not by [Defendant]." (*Imageline* Motion to Dismiss at 1, No. CV 10-09794-PSG-MAN (Feb. 15, 2011) (Docket No. 13-1)). Indeed, the plaintiff in *Imageline* named those very users as the remaining defendants in the action, confirming that the images at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–06013–MWF-AJWx					Date:  January 25, 2016
Title:	Greg Young Publishing, Inc.  -v-  CafePress, Inc.

issue had been initially handled by someone other than Defendant.  *Imageline*'s holding, therefore, only strengthens the Court's conclusion.

      Conversely, the authority on which Defendant relies has no bearing on the Court's analysis.  Virtually all of cited decisions involved motions for summary judgment—a fact only supporting the impropriety of dismissal at this stage.  *See Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (subsequent history omitted) (evidence established that "Defendant did not have 'reasonable grounds to know' it would cause its users to infringe Plaintiff's copyrights" when Defendant used software that automatically indexed online images, including those from Plaintiff's website, removing CMI in the process); *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 926 (6th Cir. 2003) (the plaintiff failed to contradict the defendants' affidavits that had no knowledge that CMI was removed from the poster at issue); *Photographic Illustrators Corp. v. Orgill, Inc.*, No. CV 14-11818-PBS, 2015 WL 4572296, at *7 (D. Mass. July 29, 2015) (no evidence indicated that defendants "ever received any images containing copyright attribution information or any marks indicating [the plaintiff's] proprietary interest in the first place."); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2014 WL 5798282, at *5 (D. Haw. Nov. 7, 2014) (subsequent history omitted) (plaintiff presented no evidence showing that the defendants removed CMI).

      And the only two rulings that did consider claims of CMI removal under Rule 12(b)(6) are readily distinguishable.  Indeed, the pro se plaintiff in *Keogh v. Big Lots Corporation* affirmatively admitted in the pleading that he had "no evidence . . . of direct knowledge of the removal of the plaintiff's CMI [by the defendants]."  No. 3:04-00738, 2006 WL 1129375, at *2 (M.D. Tenn. Apr. 27, 2006).  And in *Merideth v. Chicago Tribune Company, LLC*, the plaintiff failed to allege any facts whatsoever showing that CMI was attached to the copyrighted work at issue.  No. 12 C 7961, 2014 WL 87518, at *4 (N.D. Ill. Jan. 9, 2014).  Here, on the other hand, the Complaint creates a plausible inference that Plaintiff's images were protected with CMI at all relevant times, including when they were uploaded onto Defendant's website.

**CIVIL MINUTES—GENERAL**					9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15–06013–MWF-AJWx**            **Date:  January 25, 2016**
**Title:**     Greg Young Publishing, Inc.  -v-  CafePress, Inc.

      One final argument remains to be addressed.  Plaintiff's claim fails, contends Defendant, due to its "failure to allege that CMI was removed from ['Plaintiff's] original product or work.'"  Defendant derives the requirement that CMI be "physically removed" from an "original work" from two district court rulings on summary judgment motions.  The first involved a defendant who took notes from a copyrighted lecture course, compiled them into note packages, and sold them online.  *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010).  The district court held that the defendant did not "remove" anything from the original work—the defendant merely copied it.  (*Id.*).  The second ruling similarly dismissed a claim under § 1202(b) because the evidence showed at most that the defendants copied the plaintiff's architectural drawings without altering CMI.  *Frost-Tsuji Architects*, 2014 WL 5798282, at *1.

      The same facts are simply not alleged here.  The Complaint asserts not that Defendant copied Plaintiff's original images but that it resized and modified them, removing CMI in the process.  *Faulkner Press* and *Frost-Tsuji Architects* are therefore inapposite.

      In sum, Plaintiff's allegations are sufficient to create a plausible inference that Defendant intentionally removed CMI from Erickson's artwork while knowing that such actions would "facilitate or conceal" an infringement.  Accordingly, the Motion is **DENIED**.

      IT IS SO ORDERED.