**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation<br><br>    Plaintiff,<br><br>vs.<br><br>CAFEPRESS, INC., a corporation, and DOES 1 to 10,<br><br>    Defendants. | CASE NO. 2:15-CV-06013-MWF (AJWx)<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER** |

The Court, having considered the Stipulated Protective Order and finding good cause in support,

**HEREBY ORDERS THAT**

the following provisions shall govern documents and information produced in this action:

## PROTECTIVE ORDER

**1.     Purposes and Limitations**

Disclosure and discovery activity in this action involve production of confidential, proprietary, and/or private information for which special protection is warranted from public disclosure and from use for any purpose other than this litigation. The parties therefore stipulate to and request entry of this Protective Order (hereinafter, "Protective Order," or "Order") by the Court. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

Any motions filed relating to this Order must comply with all applicable rules. This Order does not permit any party to file anything under seal. The applicable rules set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks leave to file material under seal.

**2.     Definitions**

   2.1.   Party: A party to this action, including its officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staffs).

   2.2.   Discovery Material: Documents, electronically stored information, and things, regardless of the medium or matter generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in connection with disclosures or discovery in this matter.

   2.3.   Protected Material: Discovery Material that is designated as Confidential or as Highly Confidential — Attorneys Eyes Only.

2.4. <u>Confidential Material</u>: Information (regardless of how generated, stored, or maintained) or tangible things which the Designating Party determines, reasonably and in good faith, should not be disclosed to the public because it constitutes confidential, proprietary, or otherwise sensitive information such as research, development, financial, technical, sales or commercial information.

2.5. <u>Highly Confidential — Attorneys Eyes Only Material</u>: Confidential Material that is especially sensitive, whose disclosure to another Party or non-party would create a risk of serious harm that may not be avoided by less restrictive means. By way of example, Highly Confidential — Attorneys Eyes Only Material may include trade secrets or competitively-sensitive business information that may be of value to an actual or potential competitor, customer, or supplier.

2.6. <u>Receiving Party</u>: A person or entity (including non-Parties) that receives Discovery Material.

2.7. <u>Producing Party</u>: A person or entity (including non-Parties) that produces Discovery Material in this action.

2.8. <u>Designating Party</u>: A person or entity (including non-Parties) that designates Protected Material. A Designating Party need not be the Producing Party of the Protected Material.

2.9. <u>Challenging Party</u>: A Receiving Party that challenges a Designating Party's confidentiality designation for specified Discovery Material.

2.10. <u>Outside Counsel</u>: Attorneys who are retained by a person or entity to represent or advise that person or entity in connection with this litigation. Outside Counsel does not include employees of a Party. For purposes of this Order, "Outside Counsel" includes any support staff regularly employed by Outside Counsel. Outside Counsel does not include House Counsel or any support staff employed by House Counsel.

2.11. <u>House Counsel</u>: Attorneys who are employees of a Party. House Counsel

includes any support staff regularly employed by such attorneys.

2.12. Counsel (without qualifier): Outside Counsel or House Counsel.

2.13. Expert: A person with specialized knowledge or experience in an area pertinent to this litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant. This includes professional jury or trial consultants.

2.14. Vendors: Persons or entities that provide alternative dispute resolution (ADR) services or litigation support products or services other than Expert services, and their employees and subcontractors. By way of example, Vendors may include persons or entities that provide products or services relating to mediation, arbitration, handling of Discovery Material, preparation of exhibits or demonstrations, forensics, laboratory testing, photocopying, stenography, videotaping, translation, or storage.

2.15. ESI: Electronically stored Discovery Material.

3. **Scope**

In addition to covering Protected Material, the protections conferred by this Order cover (1) any information copied or extracted from Protected Material, (2) all copies, excerpts, summaries, or compilations of Protected Material, and (3) testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4. **Duration**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **Designating Protected Material**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must take care to limit any designation to specific material that qualifies under appropriate standards. A Designating Party must take care

to designate for protection only those portions of material that qualify—so that other portions for which protection is not warranted are not unjustifiably swept within the ambit of this Order.

If it comes to a Designating Party's attention that Discovery Material it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly correct its designation and notify all Receiving Parties of the correction.

5.2. <u>Manner and Timing of Designation</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated as Protected Material at the time the material is disclosed or produced. Designation in conformity with this Order requires:

5.2(a) <u>Material Produced in Documentary Form</u>. The Producing Party may designate documents as Protected Material by affixing a legend "Confidential" or "Highly Confidential — Attorneys Eyes Only" on each page. A Producing Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which material it wants copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as "Highly Confidential — Attorneys Eyes Only". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate the material in compliance with this Order before producing the material.

5.2(b) <u>Material Produced in Electronic Form</u>. Discovery Material may be produced in electronic form. If it is impossible or impractical to affix a legend to each electronic file produced without altering its contents or its

metadata, a Producing Party may affix a legend to the outside of the storage device on which the ESI is produced. The designation indicated in the legend applies to all ESI.

If a storage device is designated with a legend on the outside of the device, no Receiving Party may copy or print any of the ESI unless the Receiving Party affixes a legend to the material that will be printed or copied. The Receiving Party has the obligation to ensure that the legend affixed to the material: (1) reflects the designation applied to the ESI by the Designating Party; (2) is affixed permanently to the material; and (3) is prominently visible to each person who might view the material, regardless of the software, computer system, or other means used to view the material. If the nature of the ESI makes it impossible or impractical for the Receiving Party to fulfill these obligations, it must confer with the Producing Party and/or the Designating Party and attempt to reach agreement about how the material should be marked. If agreement cannot be reached in good faith, any party may move for a court order concerning the manner of affixing a legend to the individual material.

Nothing in this Order, nor any Party's stipulation to have this Order entered by the court, shall be deemed to be an agreement by any party to produce or to receive Discovery Material in any particular form.

5.2(c) <u>Transcripts and Testimony</u>.  If Protected Material is discussed in a proceeding such as a deposition, hearing, or trial, a Designating Party may identify the Protected Material on the record as designated under this Protective Order. When it is impractical during the proceeding to identify each portion of the proceeding that is entitled to protection, and when it appears that substantial portions qualify for protection, a Designating Party may invoke on the record a right to have up to 20 days after receiving the transcript to designate the transcript (or portions of the

5

        transcript) as Protected Material. The Designating Party must designate the individual portions of the transcript that are Protected Material. If only certain pages (or portions of pages) qualify for protection, the Designating Party must take care not to over-designate any material.

        A transcript (or portions of a transcript) may be designated as Protected Material by providing written notice to all Receiving Parties and to the person who prepared the transcript within 20 days. The person who prepared the transcript must affix appropriate legends to all subsequent copies of the transcript (or portions thereof) to indicate the designations. All Receiving Parties who received a copy of the transcript before the designation must affix appropriate legends to their copies to indicate the designations.

5.2(d) <u>Tangible Items and Other Material</u>. If Protected Material is produced in a tangible item or some other form other than documents, ESI, or testimony, the Designating Party may affix an appropriate legend in a prominent place on the exterior of the tangible item.

5.2(e) If a Designating Party determines that Discovery Material was not correctly designated at the time of production, it must promptly notify all Receiving Parties of the correct designation. If Discovery Materials are re-designated with a higher level of confidentiality than when they were originally produced, all Receiving Parties who received a copy of the material before the correction must affix appropriate legends to their copies to indicate the corrected designations and take reasonable steps to retrieve all copies of the newly designated material from persons who were previously given access to the material but who are no longer permitted to have such access.

5.3. <u>Inadvertent Failures to Designate</u>. If a Designating Party inadvertently fails to designate qualified material as protected, the inadvertent failure does not,

standing alone, waive the Designating Party's right to secure protection under this Order for that information as long as, upon learning of its mistake, the Designating party timely corrects it. If material is appropriately designated after it was initially produced, each Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order after receiving notice of the correction, including reasonable efforts to retrieve all copies of the Protected Material previously disseminated.

5.4. Information in Designated Material Available From Other Sources.

5.4(a) Publicly Known at the Time of Production. Discovery Material should not be designated as Protected Material if the information it contains is known and generally available to the public. Discovery Material that contains a mixture of public and nonpublic information may be designated as Protected Material, in which case the Designating Party must make reasonable efforts not to designate those pages that contain solely information that is known and generally available to the public.

5.4(b) Subsequent Disclosure to the Public. Protected Material may become known and generally available to the public through means other than acts or omissions by a Receiving Party. If that occurs, such material will lose its protected status at the time it becomes known and generally available to the public, and a Receiving Party may challenge the designation.

5.4(c) Information Acquired Through Other Means. Information contained in Protected Material may be available to a Receiving Party through means other than discovery governed by this Order, even if it is not known and generally available to the public. If a Receiving Party acquires such information through legal means, this Order will not prohibit the Receiving Party from disclosing the information acquired through such other means. This Order does not alter any obligations or conditions

imposed on the Receiving Party by the circumstances under which it acquired such information, such as acquisition under a nondisclosure agreement.

**6. Challenging Confidentiality Designations**

6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, foreseeable avoidable burdens, or a later-occurring foreseeable significant disruption or delay of the litigation, a Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Challenging Party may make a challenge only in good faith and after conferring in good faith with the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to consider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen designation.

6.3. <u>Judicial Intervention</u>. A Challenging Party may make a motion challenging one or more confidentiality designations. The motion must specifically identify the challenged material and set forth the basis for the challenge. A Challenging Party may not challenge a confidentiality designation on any ground not substantively discussed in this meet and confer process. Each such motion must be accompanied by a competent declaration that sets forth the justification for the confidentiality designation that was given by the Designating Party when the parties conferred. The Designating Party will have the burden of persuasion in any challenge. If such a motion is filed, then until the Court rules on the motion, all parties must continue to treat the material in question with the level of protection for which it was designated.

**7. Access To and Use of Protected Material**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may not be used for any other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained in a manner designed to ensure that access to it is limited as required by this Order.

7.2. <u>Disclosure of "Confidential" Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

7.2(a) The Receiving Party's Outside Counsel and employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.

7.2(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

7.2(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement To Be Bound By Protective Order (Exhibit A), after the procedure in § 7.4 is followed.

7.2(d) The Court and the Court's personnel.

7.2(e) Vendors who have signed the Agreement To Be Bound By Protective Order (Exhibit A) and to whom disclosure is reasonably necessary for this litigation.

7.2(f) During their depositions, witnesses to whom disclosure is reasonably necessary and who have signed the Agreement To Be Bound By Protective Order (Exhibit A). Pages of transcribed deposition testimony

or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order.

7.2(g) The author of any Protected Material, the original source of the information, or anyone who previously had access to any Protected Material. By way of example, this includes an original recipient of a document that contains Protected Material.

7.3. <u>Disclosure of "Highly Confidential — Attorneys Eyes Only" Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose material designated as HIGHLY CONFIDENTIAL — ATTORNEYS EYES ONLY to:

7.3(a) The Receiving Party's Outside Counsel and employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.

7.3(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

7.3(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement To Be Bound By Protective Order (Exhibit A).

7.3(d) The Court and the Court's personnel.

7.3(e) Vendors who have signed the Agreement To Be Bound By Protective Order (Exhibit A) and to whom disclosure is reasonably necessary for this litigation.

7.3(f) The author of any Protected Material, the original source of the information, or anyone who previously had access to any Protected Material. By way of example, this includes an original recipient of a document that contains Protected Material.

## 8. Relation to Other Proceedings

If a Receiving Party receives an instrument issued in connection with any other proceeding (such as a subpoena, request for production, or court order) that it believes in good faith may compel disclosure of any Protected Material, the Receiving Party must notify the Designating Party in writing (by fax or email, if possible) promptly after recognizing that the instrument may call for production of Protected Material. A copy of the instrument in question must accompany this notification.

The Receiving Party must also notify in writing the party or court that caused the instrument to issue in the other proceeding that some or all of the material covered by the instrument is subject to this Order. A copy of this Order must accompany this notification.

The purpose of imposing these duties is to provide the affected parties an opportunity to protect their interests. Each party will bear its own burden and expense of seeking such protection. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to challenge or disobey a lawful instrument in another proceeding.

## 9. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that Protected Material has been accessed or used by a person or in a manner not authorized by this Order and is certain that such access was not attributable to any act or omission by it, the Receiving Party must promptly notify the Designating Party of the unauthorized access or use. If a Receiving Party learns that Protected Material has been accessed or used by a person or in a manner not authorized by this Order and such access or use may be due to an act or omission by the Receiving Party, the Receiving Party must promptly do the following: (a) notify the Designating Party of the unauthorized access or use, (b) use its best efforts to retrieve all copies of the Protected Material that were inappropriately accessed or used, (c) provide a copy of this Order to each person to whom unauthorized access or use was available, and (d) request

that each such person execute a copy of the Agreement To Be Bound By Protective Order that is attached hereto as Exhibit A.

## 10. Filing Protected Material

10.1 <u>Restriction on Filing</u>. Without written permission from the Designating Party, Protected Material may not be filed in the public record. Any Protected Material that is filed must be filed under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

A Party that seeks to file anything under seal must comply with applicable rules and orders concerning filings under seal, including the following:

10.1(a) Subject to public policy, and further Court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate Confidential Material from the document. The document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

**11. Final Disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action (including appeals), each Receiving Party must destroy all Protected Material or return it to the Producing Party. This includes an obligation to return or destroy all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel, and parties not represented by Counsel in this action, may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

**12. Miscellaneous**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek relief (including modification of this Order) from the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object on any ground to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use of any Discovery Material as evidence.

12.3. <u>Inadvertent Production or Disclosure of Privileged Matter</u>. Any party may invoke Rule 502(b) of the Federal Rules of Evidence if material subject to any privilege, work-product doctrine, or similar protection is inadvertently produced or disclosed.

12.4. <u>Non-Parties</u>. Any person or entity who is not a Party to this action may invoke

this Order by written notice to all Parties and may designate Discovery Material as Protected Material in accordance with the terms of this Order.

**IT IS SO ORDERED.**

DATED: March 8, 2016



_____
Hon. Andrew J. Wistrich
United States Magistrate Judge

## **Exhibit A: Agreement To Be Bound By Protective Order**

I, _____, declare under penalty of perjury under the laws of the United States that I have read and understand the Protective Order that was entered in the United States District Court for the Central District of California in *Greg Young Publishing, Inc. v. CafePress Inc.*, Case No. 2:15-CV-06013-MWF (AJWx). I agree to comply with and to be bound by that Protective Order, and I understand that failure to comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not use or disclose matter that is protected under that Protective Order, except in strict compliance with that Protective Order. I hereby submit to the jurisdiction and venue of the above-referenced court for proceedings relating to that Protective Order, including enforcement or contempt proceedings, even if the proceedings occur after the termination of the case in which the Protective Order was entered.

Date: _____

Signature: _____